|  |  |
|---|---|
| UNITED BOATMEN, ET AL., | UNITED STATES DISTRICT COURT |
|  | DISTRICT OF NEW JERSEY |
| Plaintiff(s), |  |
|  | Civil Action No. 09-5628(JAP) |
| -vs- |  |
|  |  |
| GARY LOCKE, ET AL. |  |
|  | <u>ORDER ON MOTION TO</u> |
|  | <u>SUPPLEMENT THE RECORD</u> |
| Defendant(s). |  |

Presently before the Court is Plaintiffs United Boatmen, Recreational Fishing Alliance, Inc.; Captain Victor M. Bunting, Jr.; JJC Boats, Inc.; Rudee Operations, LLC; Captain Michael Abbaticchio; Ocean Power, Inc.; Captain H.D. Parsons, II; Spring Lake Freezer Company; Captain John Sportfishing LLC; Old Inlet Bait and Tackle; and RJ Fishing Corp.'s (collectively, "Plaintiffs") Motion to Supplement the Administrative Record [Docket Entry Nos. 14, 25] designated in this action by Defendants Gary Locke, in his official capacity as Secretary of the United States Department of Commerce; the National Oceanic and Atmospheric Administration; and the National Marine Fisheries Service ("NMFS") (collectively, "Defendants"). In the alternative, Plaintiffs seek to complete the record. [Docket Entry No. 14-1 at 19]. Defendants oppose the motion. [Docket Entry No. 15].[1] After considering the arguments of the parties in their submissions [Docket Entry Nos. 14, 15, 25], pursuant to Rule 78, for the reasons set forth

---

[1] The parties also engaged in considerable motion practice with regard to whether Defendants should be allowed to file opposition to the motion to supplement, given that their opposition was filed late. See Docket Entry No. 16, objecting to the untimely filing, and Docket Entry Nos. 17, 18, 19, and 20. This Court allowed the late filing of Defendants' opposition, Docket Entry No. 21, as a result of which the brief is considered as part of the record on this motion.

below, Plaintiffs' motion is denied.

**I.      Background**

The Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. 1801, et seq. (the "MSA") established eight regional fishery councils, responsible for preparing fishery management plans ("FMPs").  Plaintiffs contend that the Mid-Atlantic Fishery Management Council (the "Council"), which is charged with preparing FMPs for the Atlantic coastal area from Cape Hatteras, North Carolina to Maine, developed an FMP that addressed black sea bass management.  The FMP was adopted at the Council's December 2008 meeting, with participation of representatives of various entities, including the Council, the Commission, NMFS and the public. [Docket Entry No. 14-1 at 10].  According to Plaintiffs, that FMP would govern the fishery until new measures were adopted at the December 2009 meeting.  [Docket Entry No. 14-1 at 10].

This case arises out of the October 5, 2009 implementation by Defendants of an emergency rule (the "Emergency Rule") with regard to the temporary closure of recreational fishing for black sea bass along the east coast of the United States.  According to Plaintiffs, the Emergency Rule pre-empted the FMP adopted at the December 2008 meeting.  [Docket Entry No. 14-1 at 5].

Plaintiffs filed suit on November 4, 2009, challenging the Emergency Rule as violative of the MSA, as well as other procedural and regulatory statutes and guidelines.  [Docket Entry No. 1].  On January 22, 2010, Defendants filed a Notice of Filing Administrative Record [Docket Entry No. 8], setting forth that the record had been certified and was being served on the parties on a CD-ROM disk.

At the initial conference conducted in this matter on March 23, 2010, counsel for Plaintiffs indicated an intention to supplement the record, and a schedule was included in the initial Pretrial Scheduling Order [Docket Entry No. 13], pursuant to which Plaintiffs were directed to provide the proposed supplemental documents to Defendants by April 2, 2010, and to file a motion by April 23, 2010 if Defendants did not consent to supplementation of the record. Defendants did not consent, and this motion followed.

At issue are the minutes from the December 2008 meeting (the "December 2008 Minutes"), at which the FMP regarding limitations on fishing for black sea bass was adopted. Plaintiffs contend that the December 2008 Minutes, which presumably reflect the discussion at that meeting, should be part of the record on appeal of the Emergency Rule. They also contend that correspondence between Plaintiff Recreational Fishing Alliance ("RFA") and Defendant Locke, dated October 2, 2009 and November 2, 2009 (the "RFA/Locke Correspondence"), should be included to supplement the record. In the alternative, they argue that the December 2008 Minutes should be allowed to "complete" the record.

**II.     Discussion**

Judicial review under the Administrative Procedures Act ("APA"), the statutory scheme that governs this Court's review of the agency action at issue in this case, is limited. APA section 706(2)(A) states in pertinent part:

The reviewing court shall—

> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law;

5 U.S.C. 706(2)(A).

The "arbitrary and capricious" standard set out in section 706(2)(A) is narrow and a reviewing court is not permitted to substitute its own judgment for that of the agency. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). If the agency has examined the data relevant to its decision and can "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made,'" the agency action will be upheld. Id. (quoting Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962)).

Section 706 requires a reviewing court to "review the whole record or those parts of it cited by a party" when determining whether a challenged agency action was arbitrary and capricious. 5 U.S.C. 706. The administrative record is compiled and designated by the agency, and it is entitled to a strong presumption of regularity absent clear evidence of irregularity. Pacific Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'r, 448 F. Supp. 2d 1, 5 (D.D.C. 2006). The administrative record consists of "all materials 'compiled' by the agency[ ] that were 'before the agency at the time the decision was made.'" Sierra Club v. Slater, 120 F.3d 623, 638 (6th Cir. 1997) (quoting James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996)).

The "whole record" referred to in section 706 consists of nothing more or less than all the documents and materials directly or indirectly considered by the agency in its decision-making process. Pacific Shores, supra, 448 F. Supp. 2d at 4 (citing Maritel, Inc. v. Collins, 422 F. Supp. 2d 188, 196 (D.D.C. 2006) (quoting Bar MK Ranches v. Yuetter, 994 F.2d

735, 739 (10th Cir. 1993)); Fund for Animals v. Williams, 391 F. Supp. 2d 191, 197 (D.D.C. 2005); Amfac Resorts, LLC v. Dep't of Interior, 143 F. Supp. 2d 7, 12 (D.D.C. 2001)).  The agency is charged with determining what constitutes the whole record because although certain materials may be relevant to an agency decision, if those materials were not considered by the agency when the challenged decision was made, the materials should not be included in the administrative record.  Id. (quoting Ammex, Inc. v. United States, 62 F. Supp. 2d 1148, 1156 (C.I.T.1999)).  A broader interpretation of the phrase "before the agency" would undermine the value of judicial review and render judicial review meaningless.  Id. at 5 (quoting Fund for Animals v. Williams, 245 F. Supp. 2d 49, 57 n.7 (D.D.C. 2003)).

Normally, the administrative record cannot be supplemented in a challenge to agency action under the APA.  NVE, Inc. v. Dep't of Health and Human Servs., 436 F.3d 182, 189 (3d Cir. 2006); Pacific Shores, supra, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) ("Supplementation of the administrative record is the exception, not the rule").  The Supreme Court has stated that when applying the arbitrary and capricious standard articulated in section 706(2)(A), "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  Camp v. Pitts, 411 U.S. 138, 142 (1973).  "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."  Horizons Int'l, Inc. v. Baldrige, 811 F.2d 154, 162 (3d Cir. 1987) (citing Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402 (1971)).  If the reviewing court is not able to evaluate the challenged agency action on the administrative record presented, the proper course is to remand the matter to the agency for additional investigation or explanation.  Id.

The Third Circuit allows supplementation of the administrative record in APA cases under two circumstances – in cases where the administrative record "does not disclose the factors considered by an agency or the agency's construction of the evidence," and in cases where there is agency bias. See Horizons Int'l, supra, 811 F.2d at 162-63; NVE, supra, 436 F.3d at 195.

Plaintiffs argue that supplementation of the record with the December 2008 Minutes is proper because the Minutes represent "public deliberative materials of indisputable relevance." [Docket Entry No. 14-1 at 15].  Plaintiffs further argue that at the December 2008 meeting, the very closure that was effectuated by the Emergency Rule was expressly rejected by the Council and the Board, despite NMFS's clear support for closure.  [Docket Entry Nos. 14-1 at 17 and 25 at 3-4].  Because they posit that Defendants "knew of the discourse and debate that transpired at the December 2008 Council meeting and the contents of the December 2008 Minutes . . . [t]he December 2008 Minutes easily meet the standard of 'documents and materials directly or indirectly considered by agency decision makers.'"  [Docket Entry No. 14-1 at 17].

In addition, Plaintiffs contend that documents that were discussed at the December 2008 meeting are included in the record, making it difficult to justify the failure to include the Minutes themselves.  They also point out that the Minutes are public and are routinely included in the administrative record.  They say that this is borne out by the fact that other minutes are included in the record certified in this matter.

Defendants respond that the December 2008 Minutes are not part of the administrative record because they were not considered, either directly or indirectly, and with "good reason: they dealt with a separate agency decision involving an entirely different set of management measures." [Docket Entry No. 15 at 9].  According to Defendants, the Emergency Rule was

6

based upon information that the 2009 recreational harvest limit for black sea bass had been greatly exceeded. [Docket Entry No. 15 at 4, 9]. In addition, Defendants deny that the Emergency Rule "pre-empted" the measures voted on at the December 2008 meeting, given that those measures did not address the temporary emergency closure at issue. [Docket Entry No. 15 at 9]. As such, Defendants contend that the Minutes were irrelevant to the NMFS decision to implement the Emergency Rule. Id.

This Court finds that Plaintiffs have not met their burden of establishing that the Minutes were considered in the adoption of the Emergency Rule, either directly or indirectly. To allow supplementation of the administrative record in this case simply because Plaintiffs believe that the information in the proposed supplement presents a different point of view than that of the agency would make the focal point for judicial review "some new record made initially in the reviewing court" in direct contravention of the Supreme Court's decision in Camp v. Pitts, supra, 411 U.S. at 142.

In the alternative, Plaintiffs argue that the Court should "complete" the administrative record with the December 2008 Minutes, given that the Minutes should have been part of the record from the inception, because NMFS was at the December 2008 meeting and participated in the discussion. [Docket Entry No. 14-1 at 19-20]. The cases are clear, however, that an administrative record contains only those documents or materials that *were considered, either directly or indirectly*, by the agency in its decision making process. Pacific Shores, supra, 448 F. Supp. 2d at 4 (emphasis added).

Plaintiffs also argue that the Court should supplement the administrative record to include the RFA/Locke Correspondence. Plaintiffs argue that the Correspondence reveals the agency

rationale for the decision, which was without notice and an opportunity for the public to be heard.  It is evident from Plaintiffs' submissions and from the face of the documents themselves, however, that the RFA/Locke Correspondence took place after the decision to adopt the Emergency Rule had been announced [Docket Entry No. 14-1 at 12, stating that the decision to implement the Emergency Rule was published on September 30, 2009] and, therefore, could not have been considered, either directly or indirectly, in that decision.  Subsequent correspondence objecting to the decision and responding to that objection do not fall within the narrow exception to the rule that the agency record is not subject to supplementation.

The Court concludes that Plaintiffs have not overcome the presumption of regularity afforded to the administrative record designated by Defendants by presenting clear evidence of irregularity.  Pacific Shores, supra, 448 F. Supp. 2d at 5.

Accordingly, for the foregoing reasons and for good cause shown,

**IT IS** on this **22nd** day of **July, 2010**,

**ORDERED** that Plaintiffs' motion to supplement, or in the alternative to complete, the administrative record in this matter [Docket Entry No. 14], be and it hereby is **DENIED**.

_____

**LOIS H. GOODMAN**

**United States Magistrate Judge**